UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

LINDA BRITTON DYER                    CIVIL ACTION NO. 05-2164

versus                                JUDGE STAGG

COMMISSIONER OF THE SOCIAL            MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

**MEMORANDUM RULING**

**Introduction**

Linda Dyer ("Plaintiff") applied for widow's disability benefits based primarily on alleged limitations stemming from a seizure disorder, diabetes, hypertension and sleep apnea. Plaintiff, who has a high school education and no relevant work experience, was 53 years old when ALJ Charles Lindsay denied her claim.

The ALJ analyzed the claim pursuant to the familiar five-step evaluation. He found that Plaintiff was not engaged in substantial gainful activity (step one) and that she suffered from severe impairments (step two) in the form of seizure disorder, insulin dependent diabetes mellitus, hypertension and sleep apnea. He concluded that the impairments were not so severe as to meet or equal a listed impairment (step three) that would require a finding of disability without regard to the claimant's age, education or vocational factors.

The ALJ then reviewed the testimony and medical evidence. He determined that Plaintiff had a residual functional capacity ("RFC") for light work, subject to some limitations such as no exposure to moving mechanical parts, high places or the operation of

heavy automotive equipment.  Step four asks whether the claimant's RFC allows her to return to her past relevant work, but Plaintiff did not have any past work of consequence.

The ALJ proceeded to step five, which asks whether there are other jobs existing in significant numbers in the economy that the claimant can perform consistent with her RFC, age, education and work experience.  A vocational expert testified that there were jobs, such as cashier II and ticket seller, that Plaintiff could perform.  Based on that testimony, and using the Guidelines as a framework for decision making, the ALJ determined that Plaintiff was not disabled.

The Appeals Council denied a request for review.  Plaintiff then filed this civil action seeking the limited judicial relief that is available pursuant to 42 U.S.C. § 405(g).  Both parties filed written consent to have a magistrate judge decide the case and, pursuant to 28 U.S.C. § 636(c) and the standing order of the district court governing social security cases, the action was referred to the undersigned for decision and entry of judgment.  For the reasons that follow, the Commissioner's decision to deny benefits will be reversed and remanded.

**Issues on Appeal**

Plaintiff lists three errors on appeal.  She claims that the ALJ erred (1) when he made only a conclusory determination that she did not meet a listing, (2) when he did not find that she meets listing 11.03, and (3) when he relied upon Plaintiff's failure to comply with her prescribed medications without considering why Plaintiff did not comply.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Analysis**

Listing 11.03 (epilepsy-non-convulsive) requires a detailed description of a typical seizure pattern that occurs more frequently than once weekly *in spite of at least three months of prescribed treatment.* Plaintiff complains that the ALJ made only a conclusory finding that she did not meet a listing, and she contends that she does meet Listing 11.03. The ALJ did not discuss the listing, but he did state several times throughout his written decision that there was evidence that Plaintiff had been *non-compliant with her seizure medication.* He also found that the record showed her seizures were controlled when she was compliant. Thus, Plaintiff's third issue, whether the ALJ properly considered why Plaintiff was non-compliant, is the overriding issue.

The regulations provide that, to get benefits, a claimant must follow treatment prescribed by her physician if the treatment can restore her ability to work.  If the claimant does not follow the prescribed treatment without a good reason, she will not be found disabled.  20 C.F.R. § 404.1530.  The regulation provides that the agency will determine whether the claimant has an acceptable reason for failure to follow prescribed treatment.

Social Security Ruling 82-59 addresses in detail the rules regarding a failure to follow prescribed treatment.  Among those rules is that "appropriate development must be made to resolve whether the claimant or beneficiary is justifiably failing to undergo the treatment prescribed."  The Ruling directs that the claimant "should be given an opportunity to fully express the specific reason(s) for not following the prescribed treatment."  It suggests that detailed questioning may be needed so that the record will reflect "as clearly and accurately as possible" the claimant's reason(s) for failing to follow prescribed treatment.

Plaintiff testified at the hearing that she had no income (Tr.38), but she was not asked if she had any difficulty in affording or obtaining medication.  The record indicates that Plaintiff takes a variety of medication on a regular basis, so she may have a charitable source of medication.  Plaintiff testified that she had been taking Tegretol for about a year and that sometimes it helped, but sometimes it did not.  She said no medicine had ever resulted in her not having a seizure for at least a week.  Tr. 47-48.  Plaintiff was not asked by the ALJ or her attorney about her alleged non-compliance with treatment, so she was never afforded an

opportunity to fully express any reasons for not following the prescribed treatment.  There was certainly no detailed questioning on the issue as contemplated by Ruling 82-59.

The ALJ's written decision rests in large respect on his finding of non-compliance, but neither the decision nor the record reflect the degree of attention to the compliance issue that is required by Ruling 82-59.  Considering the governing law and that the ALJ's decision rests to such a significant extent on the finding of non-compliance, the decision is not supported by substantial evidence.  A judgment will be entered reversing the decision and remanding the case so that the ALJ may engage in the record development and other requirements of Ruling 82-59 if he elects on remand to rest his decision on medical non-compliance.

On remand, Plaintiff and the agency may further explore any other relevant matters. See 20 C.F.R. § 404.983 (following a federal court remand, "[a]ny issues relating to your claim may be considered by the administrative law judge whether or not they were raised in the administrative proceedings leading to the final decision in your case.").  See also Social Security Law and Practice, § 55:74 (there is ordinarily "no limit on a claimant's supplementing the record on remand" after a sentence four or sentence six remand).

The medical records include reports of seizures when Plaintiff was non-compliant, but the records also include references to increasing seizures at times when Plaintiff was said to be compliant with Tegretol. On remand, a consultative review with respect to the compliance or listing issues or, at least, a more detailed reference to the factual basis for any finding of

non-compliance will significantly aid the court if it has to later review that issue for substantial evidence.

A failure to take prescribed medications because of a mental health condition may prevent the non-compliance from being deemed willful or without a justifiable excuse.  See Grossweiler v. Barnhart, 2003 WL 22454928 (W.D. Tex. 2003) and Brashears v. Apfel, 73 F.Supp. 2d 648 (W. D. La. 1999).   Plaintiff has made argument in her brief that any non-compliance may be attributable to a mental health problem, but she has not pointed to any evidence to support the assertion. Plaintiff is represented by competent counsel who may present to the agency on remand any evidence and argument she has on that or any other issue.

For the reasons set forth above, the Commissioner's decision to deny benefits is, pursuant to the fourth sentence of 42 U.S.C. § 405(g), reversed and remanded to the agency for further proceedings.  A judgment consistent with this ruling will be entered.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 6th day of March, 2007.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE